UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 8:16-cr-68-T-33AEP

JOSE FRANCISCO ORTIZ ESTUPINAN
_____/

DEFENDANT'S MOTION FOR DOWNWARD VARIANCE
AND SENTENCING MEMORANDUM

COMES NOW, the Defendant, **JOSE FRANCISCO ORTIZ ESTUPINAN**, by and through undersigned counsel, and files this sentencing memorandum in support of a sentence below the advisory guideline. Mr. Estupinan moves this Court for the imposition of a reasonable sentence which is no greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553(a)(2). As grounds in support of this motion, Mr. Estupinan states the following:

**I. MR. ESTUPINAN'S BACKGROUND**

Mr. Estupinan is a 55 year old native of Ecuador. Mr. Estupinan grew up in a poverty stricken area of Ecuador. He grew up with his mother and father along with three other siblings. Although his father worked, his father could only provide for subsistent living.

Prior to this offense, Mr. Estupinan entered the military. He served served for ten years in the Ecuadorean military. He also served in the Cenepa War earning the rank of Private Second Class prior to being Honorably Discharged. Upon entering civilian life, Mr. Estupinan worked as a guard for the city bus

1

service. This position was eventually phased out, and Mr. Estupinan could only find work as a fisherman. Mr. Estupinan is currently suffering from myopia which he is scheduled for surgery next week on his left eye, and jaw/periodontal disease which has caused deterioration of his jaw and loss of over 12 teeth. He is currently on several medications to manage his ongoing health problems. He advised that he quit consuming alcohol three years ago, but he use consume alcohol to excess in the past. He does not suffer from any mental issues.

Mr. Estupinan has no prior convictions; this offense did not involve a weapon or violence, and his involvement was a result of his desire to better his financial situation for his family.

## II. PROCEDURAL HISTORY AND GUIDELINE CALCULATIONS

On February 23, 2016 the grand jury in the Middle District of Florida returned indictment charging Mr. Estupinan, and a co-defendants with a two-count Indictment for Conspiracy, and Aiding and Abetting to Possess, with the Intent to Distribute 5 kilograms or more of Cocaine, in violation of 46 U.S.C. §§ 70503 (a) and 70506(a) and (b), 21 U.S.C. § 960 (b)(1)(B)(ii), and 18 U.S.C. § 2.

On May 10, 2016, Mr. Estupinan pled guilty to Count 1, pursuant to a plea agreement, and the Court accepted his plea of guilty and adjudication of guilt on May 10, 2016.

The probation officer correctly calculated Mr. Estupinan's advisory guideline range (with the exception of Limitation on Application of Statutory Minimum Sentence (Safety Valve) and minor role adjustments). PSR ¶¶23, 25. With an offense level of 38, and a criminal history category I, Mr. Estupinan's guideline imprisonment range is **168 months to 210 months**.

**III. SAFETY VALVE**

Mr. Estupinan should receive a two-level reduction for safety valve. Mr. Estupinan entered into a plea agreement with the government in the instant case and truthfully and successfully debriefed in accordance with U.S.S.G. 5C1.2 (5). Mr. Estupinan does not have any prior criminal history and did not use violence, threats or carry a firearm. Mr. Estupinan was hired as a courier in this case and it did not involve death or serious bodily injury. Based on the forgoing argument and legal authority, Mr. Estupinan should receive a two-level reduction for safety valve.

**III. MINOR ROLE**

Mr. Estupinan should receive a two-level reduction for minor role. Mr. Estupinan's role in this case was simply as a courier of the cocaine. He was not a leader or organizer, and had no proprietary interest in the operation; He was paid only to transport the cocaine.

The seminal Eleventh Circuit case dealing with the determination of a mitigating role reduction pursuant to U.S.S.G. 3B1.2 is *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999). In the *De Varon* case, the Eleventh Circuit established a two-part test for determining whether a defendant qualifies for a minor role reduction. *De Varon*, 175 F.3d at 934. As the Eleventh Circuit noted, [f]irst, and foremost, the district court must measure the defendant's role against [his] relevant conduct, that is, the conduct for which [he] has been held accountable under U.S.S.G. 1B1.3. at *Id*. The Eleventh Circuit further stated the second part of the test requires that where the record evidence is sufficient, the

district court may also measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant. *Id*. at

The guideline involved in the issue of minor role is U.S.S.G. 3B1.2, the new amendment to it is a more inclusive guideline provision for individuals like Mr. Estupinan. The purpose of the mitigating role adjustment is to ensure that a low-level participant in a conspiracy does not receive the same sentence as a high-level participant in a conspiracy. Otherwise, based on the fact that all of the defendants in a conspiracy are held accountable for the total quantity of drugs involved, non-similarly situated defendants would be receiving the same sentence despite the minor role that some of the defendants may have had. Since, Mr. Estupinan is being held for an amount of cocaine that places him at the same offense level as the owners, and those charged with logistics, his role must be compared to all of the other participants of the group of individuals.

In the present case, the factors weigh in favor of Mr. Estupinan minor role status. Factually, Mr. Estupinan was paid by others in the conspiracy. Mr. Estupinan had no equity interest in the drugs. He had no role in planning the criminal scheme and absolutely no role in the ultimate distribution of the cocaine. Other factors supporting Mr. Estupinan's minor role status include the fact that he did not recruit any other participants, he had little knowledge of the scope of the broader conspiracy, he reported to a larger player in the conspiracy. Distinctly, no one reported to him. Clearly under these facts, Mr. Estupinan was less culpable than most of the participants. Specifically, he was less culpable than the loaders, the logistics people, the distributors, the purchaser of the cocaine, the seller of the cocaine or any other unindicted co-conspirators. He was essentially a mule on a boat.

Based on the forgoing argument and legal authority, Mr. Estupinan's objections should be granted and he should receive a two-level reduction for minor role. Such a result will be consistent with one of the main goals of the guidelines by insuring that he does not receive the same sentence as individuals that are more culpable than him, thus running astray of the guiding goal that similarly-situated defendants should be similarly punished.

**IV. REQUEST FOR A REASONABLE SENTENCE**

Mr. Estupinan respectfully requests that this Court impose a sentence below the advisory guideline range, as "sufficient but not greater than necessary" to accomplish the purposes of sentencing. The Sentencing Guidelines are now, of course, advisory. *United States v. Booker*, 543 U.S. 220 (2005). Thus, although the recommended guideline range must be taken into account, this Court must follow the "parsimony provision" of 18 U.S.C. § 3553(a), which is the "overarching" command of the statute. *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558, 570 (2007). That provision provides that this Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [§ 3553(a)]." Those purposes set forth in paragraph 2, are: "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

**A. The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Estupinan [18 U.S.C. § 3553(a)(1)]**

The history and characteristics of Mr. Estupinan, as well as the facts and circumstances of this case would justify a departure/variance. Mr. Estupinan is 55 years old, a military veteran unable to continue his military service due to declining health. Like many others in his country, he was struggling to make ends meet. His involvement in criminal conduct is limited to this offense.

**B. To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense [18 U.S.C. §3553(a)(2)(A)]**

Mr. Estupinan has accepted responsibility for his actions, and acknowledged that his behavior was wrong. He related that accepting this employment was out of shear desperation due to his inability to remain in the military and lack of formal education to obtain employment beyond working as a fisherman. Mr. Estupinan is still hopefully that he can learn a new skill along with a new language to help him obtain employment once he returns to his country. Mr. Estupinan is a first time offender, is non-violent. For Mr. Estupinan, the punitive purpose of sentencing can be achieved with a below- range sentence.

**CONCLUSION**

After consideration of the factors enumerated in 18 U.S.C. § 3553(a), this Court should find that a sentence below the advisory guideline range is "sufficient but not greater than necessary to achieve the purposes of sentencing." Mr. Estupinan requests that a sentence of 108 months is more than reasonable in this case.

Respectfully submitted,

/s/ Cynthia Hernandez
_____

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of August, 2016, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to the following:

Dan Baeza, AUSA
daniel.baeza@usdoj.gov

                                            /s/ Cynthia Hernandez

                                            CYNTHIA J. HERNANDEZ, ESQUIRE
                                            Florida Bar No.: 0010422
                                            3030 N. Rocky Point Dr., Suite 150
                                            Tampa, FL 33607
                                            Telephone: (813) 841-2933
                                            Attorney for Defendant