```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                Case No.: 8:16-cr-68-VMC-AEP

JOSE FRANCISCO ORTIZ ESTUPINAN

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Jose Francisco Ortiz Estupinan's pro se Motion for Compassionate Release (Doc. # 106), filed on July 7, 2022. The United States responded on August 1, 2022. (Doc. # 109). For the reasons set forth below, the Motion is denied.

**I.   Background**

On August 3, 2016, the Court sentenced Estupinan to 120 months' imprisonment for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. # 77). Estupinan is 61 years old and is projected to be released on August 14, 2024.[1]

In the Motion, Estupinan seeks compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A), as amended by

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

the First Step Act, because he is concerned about his risk of contracting COVID-19, is worried about violence in his prison, and is pre-diabetic and suffering from "mental stress." (Doc. # 106 at 2, 4). The Motion is now ripe for review.

## II. Discussion

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Estupinan argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)

(citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, the United States appears to concede that Estupinan has exhausted his administrative remedies. (Doc. # 109 at 2). But the United States argues that Estupinan has failed to establish an extraordinary and compelling reason for release. (Id. at 2-7).

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Estupinan bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7,

3

2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Here, Estupinan argues that he fits within the second category because he is pre-diabetic and suffering from stress due to the recent treatment of inmates in his prison. He contends that these conditions increase his risk of contracting and suffering complications from COVID-19. (Doc. # 106 at 4). However, Estupinan has not demonstrated that his condition is so serious that it substantially diminishes his ability to provide self-care in prison. See USSG § 1B1.13, comment. (n.1); see also United States v. Rodriguez-Campana, No. 18-CR-60250, 2021 WL 602607, at *4-5 (S.D. Fla. Feb. 16, 2021) (denying motion for compassionate release filed by inmate who suffered from hypertension, high cholesterol, prediabetes, and had a history of lung problems, where inmate had failed to demonstrate that "any of his present ailments are terminal, that they substantially diminish his ability to provide self-care within the correctional facility, or that they are not being properly attended to by the BOP"). Estupinan's stress and pre-diabetes are not medical conditions that merit compassionate release.

Additionally, to the extent Estupinan argues that the COVID-19 pandemic justifies compassionate release (Doc. # 106

4

at 2, 4), he is incorrect. The Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the BOP's] statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. The Court agrees with the United States that Estupinan should not be released from prison after serving just over half of his sentence. Section 3553(a) requires the imposition of a sentence that, among other things, reflects the seriousness of the crime, promotes respect for the law, and provides just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). Estupinan is imprisoned for trying to smuggle cocaine in international waters. (Doc. # 109 at 8). Releasing Estupinan after he has served only sixty percent of his sentence would result in a sentence that fails to accomplish any of those goals.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Jose Francisco Ortiz Estupinan's pro se Motion for Compassionate Release (Doc. # 106) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of September, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE